### WHITEHEAD v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9542.

Circuit Court of Appeals, Eighth Circuit.
March 20, 1933.

Lynn Webb, of Kansas City, Mo. (McCune, Caldwell & Downing, of Kansas City, Mo., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before KENYON and SANBORN, Circuit Judges, and REEVES, District Judge.

PER CURIAM.

Charles W. Whitehead, of Kansas City, Mo., died testate in 1908. Under the terms of his will the residue of his estate became the property of his wife, Mary H. Whitehead, and his son, Charles Hallock Whitehead, as joint tenants. They were given the exclusive control and enjoyment of the property so long as they both should live, and could withdraw from the joint estate such sums as they might agree upon, to be divided equally between them. Upon the death of either, the joint estate was to vest in the survivor.

Mary H. Whitehead died in December, 1922. The value of the joint property was then $354,626.19. Mrs. Whitehead had some property which belonged to her individually. The Board of Tax Appeals has determined that, under section 402(d) of the Revenue Act of 1921 (chapter 136, 42 Stat. 227, 278), the value of her interest in the joint tenancy should have been included as a part of her gross estate. The executor of her estate has petitioned for a review of the decision of the board, claiming that section 402(d) should not be construed as applicable to joint tenancies created prior to 1916 by will, where one joint tenant might not alienate his interest without the consent of the other, and that, if it is so construed, it violates the Fifth Amendment to the Constitution.

Section 402(d) of the Revenue Act of 1921 requires the inclusion in the gross estate of the interest held jointly by the decedent and any other person, to the extent of one-half of the value thereof when not otherwise specified or fixed by law.

The decision of the board is affirmed upon the authority of Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, and Gwinn v. Commissioner, 287 U. S. 224, 53 S. Ct. 157, 77 L. Ed. ——.