OPINION. Leech, Judge: Although a number of issues were raised by the petitions in these proceedings, all have been disposed of either through stipulation or abandonment by the petitioner, with the exception of one which questions the correctness of respondent’s action in his dis-allowance of the excess above $100 per month of the salary paid by petitioner to its president, Dorothy Eoehl Berry. Petitioner’s primary contention in its petition is that the payments made its president as salary in each of the fiscal years here involved were reasonable for services rendered and as such properly subject to deduction in arriving at net income. A secondary contention is that if such payments are in excess of reasonable compensation, such excess be considered as payments of additional rental for the premises leased from its president and occupied by petitioner at a rental of $100 per month. Petitioner appears to have abandoned its primary contention, since no evidence was offered at the hearing with respect to the services rendered by Dorothy Eoehl Berry as president of the petitioner. As far as we are advised, the individual in question may have performed no services whatever, or services not even justifying the deduction of $100 a month allowed by respondent in his adjustment of the deductions. Petitioner now urges only its contention that we should consider salary payments made to Dorothy Eoehl Berry, as in fact, payments of additional rent for the premises it occupied. It-is argued that the situation calls for the application of the rule that in matters of income taxation we must look through form to substance and give effect to reality, disregarding the manner in which the particular expenditure may have been recorded on the corporate records. In support of this, contention the petitioner presents proof only upon one question, this being the fair rental value on the market of the premises occupied. There is absolutely no evidence that even tends to indicate an intention upon the part of petitioner, through its directors, to pay any amount in excess of $100 per month as rental for the premises. Nor is there evidence that the figures set out in the resolutions by the directors authorizing the payments of rent and salaries in specific amounts were erroneously entered, or that a mistake had been made in the treatment of these items on the books of petitioner. The only testimony presented, in addition to that of two real estate appraisers setting a fair rental value upon the premises, was given by Otto T. Eoehl, the petitioner’s secretary-treasurer and general manager, who testified that rentals and salaries were paid in the amounts as set out in the resolutions by the board of directors, but that in his opinion the rental agreed upon and paid was too low. These facts do not, in our opinion, call for an application of the rule invoked by the petitioner. We are not called upon to correct a mistake in the characterizing of an expenditure upon corporate records. We do not dispute the soundness of the rule for which petitioner argues. The courts have, in many cases, found that an expenditure has been given an incorrect label and is in fact an allowable expense, and have disregarded the corporate book entry recording it. Helvering v. Tex-Penn Oil Co., 300 U. S. 481; Whitehead v. Commissioner, 64 F. 2d 118, certiorari denied 290 U. S. 690; John A. Nelson Co., 28 B. T. A. 529; Doyle v. Mitchell Bros. Co., 247 U. S. 179. Petitioner here, however, asks us to disregard the fact and to change the intended character of the expenditure. The payments made as salary to petitioner’s president were intended to be salary, were received as such and, under the facts disclosed, the petitioner was under no legal obligation to pay more than $100 a month to its president for rental of the property leased from her. The substance of petitioner’s argument appears to be that we should disregard the fact in this case and treat the payments as for something for which they were not at the time intended because such change would benefit the petitioner taxwise, and would still not result in the allowance of an excessive and unreasonable rental deduction. Eespondent’s action in disallowing the payments of salary to petitioner’s president in excess of $100 per month is approved. We do not agree with petitioner’s contention that the amounts so disallowed should be allowed as deductions of payments for additional rental of the property leased by petitioner. Decisions will he entered under Rule 60.